UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | |
|---|---|
| YONGFU YANG,<br>DELIANG FU,<br>XIAOJIANG ZUO,<br>HECHAO CHEN,<br>AIXIANG LIU,<br>KEZHENG ZUO, and<br>SHUSHAN HANG,<br>on their own behalf and on behalf of others similarly<br>situated, | Index No. 19-cv-05616<br><br>ANSWER, AFFIRMATIVE<br>DEFENSES AND CROSS-<br><u>CLAIMS TO COMPLAINT</u><br><br>(JURY TRIAL DEMANDED) |

                              Plaintiffs,

              -against-

A JU HOME INC.
        d/b/a An Ju Home;
STRUCTURE ENTERPRISE, INC.
        d/b/a Structure Enterprise; and
TRINITY BUILDERS, INC.
        d/b/a Trinity Builders;
HENGJIAN CUI,
PAUL LIOU,
CANDICE COLUCCI,
"JOHN" LIOU, and
"JANE" ZHUO

                       Defendants.

----------------------------------------------------------------X

        Defendants Structure Enterprise, Inc. ("Structure"), Trinity Builders, Inc. ("Trinity"), Paul

Liou, and Candice Colucci (collectively, "Answering Defendants") by and through their attorneys,

Rodriguez-McCloskey PLLC, as and for their Answer and Affirmative Defenses to the Complaint

of Yongfu Yang, Deliang Fu, Xiaojiang Zuo, Hechao Chen, Aixiang Liu, Kezheng Zuo, and

Shushan Hang ("Plaintiffs"), dated June 16, 2019, and Cross-claims against defendant An Ju

Home, Inc. and Hengjian Cui (also known as Hengjin Cui) (collectively "Cui Defendants") allege as follows:

<u>ANSWER TO COMPLAINT</u>

1.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint.

3.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint.

4.      No response is required to paragraph 4 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein.

5.      No response is required to paragraph 5 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein.

6.      Deny the allegations contained in paragraph 6 as to Answering Defendants, except deny knowledge or information sufficient to form a belief as to whether Plaintiff Yongfu Yang was employed by An Ju Home, Inc.

7.      Deny the allegations contained in paragraph 7 as to Answering Defendants, except deny knowledge or information sufficient to form a belief as to whether Delieang Fu was employed by An Ju Home, Inc.

8.      Deny the allegations contained in paragraph 8 as to Answering Defendants, except deny knowledge or information sufficient to form a belief as to whether Xiaojiang Zuo was employed by An Ju Home, Inc.

9.      Deny the allegations contained in paragraph 9 as to Answering Defendants, except deny knowledge or information sufficient to form a belief as to whether Plaintiff Hechao Chen was employed by An Ju Home, Inc.

10.     Deny the allegations contained in paragraph 10 as to Answering Defendants, except deny knowledge or information sufficient to form a belief as to whether Plaintiff Aixiang Liu was employed by An Ju Home, Inc.

11.     Deny the allegations contained in paragraph 11 as to Answering Defendants, except deny knowledge or information sufficient to form a belief as to whether Plaintiff Kezheng Zuo was employed by An Ju Home, Inc.

12.     Deny the allegations contained in paragraph 12 as to Answering Defendants, except deny knowledge or information sufficient to form a belief as to whether Plaintiff Shushan Hang was employed by An Ju Home, Inc.

13.     Admit the allegations contained in paragraph 13 of the Complaint.

14.     Admit the allegations contained in paragraph 14 of the Complaint.

15.     Deny the allegations contained in paragraph 15 of the Complaint.

16.     Admit the allegations contained in paragraph 16 of the Complaint.

17.     Admit the allegations contained in paragraph 17 of the Complaint.

18.     Admit the allegations contained in paragraph 18 of the Complaint.

19.     Deny the allegations contained in paragraph 19 of the Complaint.

20.     Admit the allegations contained in paragraph 20 of the Complaint.

21.     Deny the allegations contained in paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint.

25.    Deny the allegations pertaining to Answering Defendants contained in paragraph 25 of the Complaint, except deny knowledge or information sufficient to form a belief as to the allegations pertaining to An Ju Home, Inc.

26.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint.

28.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint.

29.    Deny the allegations contained in paragraph 29 of the Complaint pertaining to defendants Structure and Trinity except deny knowledge or information sufficient to form a belief as to the allegations that Hengjian Cui acted intentionally and maliciously, is an employer, and is jointly and severally liable with An Ju Home, Inc.

30.    Deny the allegations contained in paragraph 30 of the Complaint.

31.    Deny the allegations contained in paragraph 31 of the Complaint.

32.    Deny the allegations contained in paragraph 32 of the Complaint.

33.    Deny the allegations contained in paragraph 33 of the Complaint.

34.    Deny the allegations contained in paragraph 34 of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint.

39.     Deny the allegations contained in paragraph 39 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to subparagraph (c) relating to An Ju Home, Inc.'s hiring of Plaintiffs.

40.     Deny the allegations contained in paragraph 40 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to those allegations relating An Ju Home, Inc.

41.     Deny the allegations contained in paragraph 41 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to those allegations relating to An Ju Home, Inc.

42.     Deny the allegations contained in paragraph 42 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to those allegations relating to Cui Defendants.

43.     Deny the allegations contained in paragraph 43 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to those allegations relating to Cui Defendants.

44.    Deny the allegations contained in paragraph 44 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to those allegations relating to Cui Defendants.

45.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint as to Answering Defendants except deny that Yongfu Yang worked on behalf of Answering Defendants.

46.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint.

47.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint.

48.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint.

49.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint.

50.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint.

51.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint.

52.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Complaint.

53.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the Complaint.

55.     Deny the allegations contained in paragraph 55 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to those allegations relating to Cui Defendants.

56.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the Complaint as to Answering Defendants except deny that Deliang Fu worked on behalf of Answering Defendants.

57.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 59 of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the Complaint.

64.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint.

65.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Complaint.

66.    Deny the allegations contained in paragraph 66 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to those allegations relating to Cui Defendants.

67.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 67 of the Complaint as to Answering Defendants except deny that Xiaojiang Zuo worked on behalf of Answering Defendants.

68.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 68 of the Complaint.

69.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 69 of the Complaint.

70.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 70 of the Complaint.

71.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71 of the Complaint.

72.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 72 of the Complaint.

73.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 73 of the Complaint.

74.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 74 of the Complaint.

75.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 75 of the Complaint.

76.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76 of the Complaint.

77.      Deny the allegations contained in paragraph 77 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to those allegations relating to Cui Defendants.

78.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78 of the Complaint as to Answering Defendants except deny that Hechao Chen worked on behalf of Answering Defendants.

79.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 79 of the Complaint.

80.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 80 of the Complaint.

81.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 81 of the Complaint.

82.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 82 of the Complaint.

83.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 83 of the Complaint.

84.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84 of the Complaint.

85.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 85 of the Complaint.

86.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 86 of the Complaint.

87.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 87 of the Complaint.

88.      Deny the allegations contained in paragraph 88 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to those allegations relating Cui Defendants.

89.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 89 of the Complaint as to Answering Defendants except deny that Aixiang Liu worked on behalf of Answering Defendants.

90.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 90 of the Complaint.

91.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 91 of the Complaint.

92.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 92 of the Complaint.

93.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 93 of the Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 94 of the Complaint.

95.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 95 of the Complaint.

96.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 96 of the Complaint.

97.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 97 of the Complaint.

98.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 98 of the Complaint.

99.     Deny the allegations contained in paragraph 99 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to those allegations relating Cui Defendants.

100.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 100 of the Complaint as to Answering Defendants except deny that Kezheng Zuo worked on behalf of Answering Defendants.

101.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 101 of the Complaint.

102.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 102 of the Complaint.

103.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 103 of the Complaint.

104.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 104 of the Complaint.

105.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 105 of the Complaint.

106.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 106 of the Complaint.

107.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 107 of the Complaint.

108.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 108 of the Complaint.

109.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 109 of the Complaint.

110.     Deny the allegations contained in paragraph 110 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to those allegations relating to Cui Defendants.

111.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 111 of the Complaint as to Answering Defendants except deny that Shushan Hang worked on behalf of Answering Defendants.

112.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 112 of the Complaint.

113.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 113 of the Complaint.

114.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 114 of the Complaint.

115.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 115 of the Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 116 of the Complaint.

117.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 117 of the Complaint.

118.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 118 of the Complaint.

119.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 119 of the Complaint.

120.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 120 of the Complaint.

121.    No response is required to paragraph 121 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein.

122.    No response is required to paragraph 122 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein.

123.    No response is required to paragraph 123 of the Complaint, which merely poses a definition based on a legal standard, but to the extent that a response is required, deny the allegations contained therein.

124.    No response is required to paragraph 124 of the Complaint which poses a hypothetical and is sheer conjecture. but to the extent that a response is required, deny the

allegations contained therein as to Answering Defendants. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 124 as to Cui Defendants.

125. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 125 of the Complaint.

126. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 126 of the Complaint except deny that Answering Defendants ever had an employment relationship with Plaintiffs.

127. Deny the allegations contained in paragraph 127 of the Complaint.

128. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 128 of the Complaint.

129. No response is required to paragraph 129 of the Complaint, which posits an opinion on the efficacy of class action litigation but to the extent that a response is required, denies the allegations contained therein.

130. No response is required to paragraph 130 of the Complaint which poses a hypothetical and is sheer conjecture. but to the extent that a response is required, deny the allegations contained therein.

131. No response is required to paragraph 131 of the Complaint but to the extent that a response is required, denies the allegations contained therein.

132. Deny the allegations contained in paragraph 132 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

133. No response is required to paragraph 133 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein.

134.    Deny the allegations contained in paragraph 134 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

135.    No response is required to paragraph 135 of the Complaint but to the extent that a response is required, deny the allegations contained therein.

136.    Deny the allegations contained in paragraph 136 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

137.    Deny the allegations contained in paragraph 137 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

138.    Deny the allegations contained in paragraph 138 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

139.    No response is required to paragraph 139 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein and respectfully refer the Court to the relevant legal authority.

140.    No response is required to paragraph 140 of the Complaint but to the extent that a response is required, deny the allegations contained therein.

141.    No response is required to paragraph 141 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein and respectfully refer the Court to the relevant legal authority.

142.    No response is required to paragraph 142 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein and respectfully refer the Court to the relevant legal authority.

143.    Deny the allegations contained in paragraph 143 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

144.     Deny the allegations contained in paragraph 144 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

145.     No response is required to paragraph 145 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein and respectfully refer the Court to the relevant legal authority.

146.     Deny the allegations contained in paragraph 146 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

147.     Deny the allegations contained in paragraph 146 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

148.     No response is required to paragraph 148 of the Complaint but to the extent that a response is required, deny the allegations contained therein.

149.     No response is required to paragraph 149 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein and respectfully refer the Court to the relevant legal authority.

150.     Deny the allegations contained in paragraph 150 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

151.     Deny the allegations contained in paragraph 151 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

152.     Deny the allegations contained in paragraph 152 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

153.     No response is required to paragraph 153 of the Complaint but to the extent that a response is required, deny the allegations contained therein.

154.    No response is required to paragraph 154 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein and respectfully refer the Court to the relevant legal authority.

155.    Deny the allegations contained in paragraph 155 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

156.    No response is required to paragraph 156 of the Complaint but to the extent that a response is required, deny the allegations contained therein.

157.    No response is required to paragraph 157 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein and respectfully refer the Court to the relevant legal authority.

158.    Deny the allegations contained in paragraph 158 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

159.    No response is required to paragraph 159 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein and respectfully refer the Court to the relevant legal authority.

160.    Deny the allegations contained in paragraph 160 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

161.    No response is required to paragraph 161 of the Complaint but to the extent that a response is required, deny the allegations contained therein.

162.    Deny the allegations contained in paragraph 162 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

163.    Deny the allegations contained in paragraph 163 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

164.    Deny the allegations contained in paragraph 164 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

165.    Deny the allegations contained in paragraph 165 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

166.    No response is required to paragraph 166 of the Complaint but to the extent that a response is required, deny the allegations contained therein.

167.    No response is required to paragraph 167 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein and respectfully refer the Court to the relevant legal authority.

168.    Deny the allegations contained in paragraph 168 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

169.    Deny the allegations contained in paragraph 169 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

170.    Deny the allegations contained in paragraph 170 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

171.    No response is required to paragraph 171 of the Complaint but to the extent that a response is required, deny the allegations contained therein.

172.    No response is required to paragraph 172 of the Complaint, which merely poses a legal standard, but to the extent that a response is required, deny the allegations contained therein and respectfully refer the Court to the relevant legal authority.

173.    Deny the allegations contained in paragraph 173 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

174.    Deny the allegations contained in paragraph 174 of the Complaint as to Answering Defendants except deny knowledge or information sufficient to form a belief as to Cui Defendants.

175.    Deny in all respects the Prayer For Relief of the Complaint as it relates to Answering Defendants.

<u>FIRST AFFIRMATIVE DEFENSE</u>

176.    Answering Defendants are not Plaintiffs' employers as defined by the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. § 203(d) and regulations promulgated thereunder 29 C.F.R. § 791.2.

<u>SECOND AFFIRMATIVE DEFENSE</u>

177.    Answering Defendants are not Plaintiffs' employers within the meaning of the New York Labor Law ("NYLL"), pursuant to NYLL §§ 2 and 651.

<u>THIRD AFFIRMATIVE DEFENSE</u>

178.    Plaintiffs lack standing or capacity to sue Answering Defendants.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

179.    The claims are barred by Plaintiffs' mistake of fact, as Answering Defendants never were Plaintiffs' employer and, therefore, are improperly named in this action.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

180.    The claims are barred by the lack of privity between Plaintiffs and Answering Defendants because only a Ju Home, Inc. was Plaintiffs' employer.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

181.    The Complaint fails to state a claim upon which relief can be granted.

SEVENTH AFFIRMATIVE DEFENSE

182. Plaintiffs' claims are barred, in whole or in part, by the course of conduct between the parties.

EIGHTH AFFIRMATIVE DEFENSE

183. Plaintiffs' claims are barred, in whole or in part, by a defense founded upon documentary evidence.

NINTH AFFIRMATIVE DEFENSE

184. Paul Liou and Candice Colucci were not Plaintiffs' employer and did not act intentionally and maliciously towards Plaintiffs, pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, and NYLL § 2 and the regulations thereunder.

TENTH AFFIRMATIVE DEFENSE

185. Plaintiffs do not fit the criteria of a class under either the FLSA or NYLL.

ELEVENTH AFFIRMATIVE DEFENSE

186. Assuming that there was a finding that Answering Defendants were employees, Answering Defendants exhibited good faith and reasonableness under the Fair Labor Standards Act and New York Labor Law.

CROSS-CLAIMS AGAINST THE CUI DEFENDANTS

THE PARTIES

187. Cross-claim defendants herein are the Cui Defendants.

188. Upon information and belief, An Ju Home, Inc. is a corporation created under the laws of the State of New York.

189.     Upon information and belief, An Ju Home, Inc. is in the business of construction and contracting with concentration on interior fit outs.

190.     Upon information and belief, Cui is a shareholder of An Ju Home, Inc. and had the power to hire and fire employees, supervised and controlled employee work schedules and/or conditions of employment, determined the rate and method of payment, and maintained employee records at An Ju Home, Inc.

191.     Upon information and belief, the Cui Defendants have been practicing in New York City without the Home Improvement Contractor License and the Home Improvement Salesperson License.

<u>FACTS COMMON TO ALL CROSS-CLAIM COUNTS</u>

192.     Answering Defendants repeat each and every allegation set forth above, as if set forth at length herein.

193.     Defendant Trinity Builders, Inc. ("Trinity") was hired by SCIPM EAST 24, LLC, as a general contractor for a construction project located at 111 E 24th Street, New York, New York, 10010 ("111 Project").

194.     Defendant Structure Enterprise, Inc. ("Structure") was hired by 101 WEST END REIT, LLC as a general contractor for a construction project located at 101 West End Avenue, 10023 ("101 Project").

195.     The 111 Project and 101 Project shall collectively be referred to as the "Projects".

196.     Thereafter, Structure and Trinity each entered into various subcontract agreements ("Subcontracts") with the Cui Defendants whereas the Cui Defendants would perform services, as a subcontractor, on behalf of and for the benefit of Structure for the Projects.

197.    More specifically, the Cui Defendants were hired to perform interior renovations on apartments at the 101 Project and 111 Project ("Services").

198.    On or about April 23, 2019, the Cui Defendants unilaterally decided to cease all Services and refused to return to the Projects, and therefore, failed to complete all contracted Services.

199.    On or about April 23, 2019, the Cui Defendants were terminated as a subcontractor at the 101 Project.

200.    Upon information and belief, the Cui Defendants had hired employees whose citizenship and understanding of English and the proper compensation protocol is unclear.

201.    Upon information and belief, the Cui Defendants failed to pay its employees and instructed them to protest Answering Defendants for unpaid wages.

202.    Cui, and upon information and belief, An Ju Home, Inc.'s agents and employees, visited Structure's work sites at the Projects. On April 24, 2019, they blocked vehicles from entering the Projects, and yelled and screamed at Structure's employees and subcontractors, as well as the owners of both Projects.

203.    The Cui Defendants' visit prompted Structure to call the police on April 24, 2019.

204.    Cui again appeared at the 101 Project site with a woman he identified as his attorney, and they were asking questions about the operations of Trinity.

205.    Upon information and belief, the woman with Cui, who did not identify herself, appeared to be taking down information he was obtaining from various workers at the site.

<u>FIRST CROSS-CLAIM FOR BREACH OF CONTRACT</u>

206.    Answering Defendants repeat each and every allegation set forth above, as if set forth at length herein.

207.    At all times, Structure performed and fulfilled its obligations to the Subcontracts that it entered into with the Cui Defendants.

208.    However, the Cui Defendants failed to perform and fulfill their obligations pursuant to the Subcontracts.

209.    On or about April 23, 2019, the Cui Defendants unilaterally decided to cease all Services and refused to return to the Projects, and therefore, failed to complete all contracted Services.

210.    At the time the Cui Defendants failed and refused to fulfill their contractual obligation they had been advanced moneys towards their contract by Structure.

211.    The Services provided by the Cui Defendants were not all performed in a workmanlike manner.

212.    Structure has requested that the Cui Defendants comply with their contractual obligations but said demands have been ignored.

213.    The Cui Defendants are in breach of the Subcontracts due to their refusal to comply with the Subcontracts.

214.    Structure has suffered and will continue to suffer damages of a diverse nature due to the Cui Defendants' breach of contract.

215.    Upon information and belief, the Cui Defendants have failed to pay all or some of their employees, vendors, subcontractors, and/or materialmen.

<u>SECOND CROSS-CLAIM FOR BREACH OF CONTRACT</u>

216.    Answering Defendants repeat each and every allegation set forth above, as if set forth at length herein.

217.    At all times, Trinity performed and fulfilled its obligations to the Subcontracts that it entered into with the Cui Defendants.

218.    However, the Cui Defendants failed to perform and fulfill their obligations pursuant to the Subcontracts.

219.    On or about April 23, 2019, the Cui Defendants unilaterally decided to cease all Services and refused to return to the Projects, and therefore, failed to complete all contracted Services.

220.    At the time the Cui Defendants failed and refused to fulfill their contractual obligation they had been advanced moneys towards their contract.

221.    The Services provided by the Cui Defendants were not all performed in a workmanlike manner.

222.    Trinity has requested that the Cui Defendants comply with their contractual obligations but said demands have been ignored.

222.    The Cui Defendants are in breach of the Subcontracts due to their refusal to comply with the Subcontracts.

224.    Trinity has suffered and will continue to suffer damages of a diverse nature due to the Cui Defendants' breach of contract.

225.    Upon information and belief, the Cui Defendants have failed to pay all or some of their employees, vendors, subcontractors, and/or materialmen.

<u>THIRD CROSS-CLAIM FOR UNJUST ENRICHMENT</u>

226.    Answering Defendants repeat each and every allegation set forth above, as if set forth at length herein.

227.    Structure has, in good faith, paid the Cui Defendants for the 101 Project.

228.    The Cui Defendants, despite accepting Structure's payments, failed to comply with the terms of the Subcontracts.

229.    Structure's reliance that the Cui Defendants would comply with the Subcontracts was reasonable.

230.    Structure has suffered and will continue to suffer damages—an affront to equity and good conscience—at the expense of the Cui Defendants' unjust enrichment. It has had to retain another contractor to complete the Cui Defendants' contract work, resulting in additional expenditures and delays.

### FOURTH CROSS-CLAIM FOR UNJUST ENRICHMENT

231.    Answering Defendants repeat each and every allegation set forth above, as if set forth at length herein.

232.    Trinity has, in good faith, paid the Cui Defendants for the 111 Project.

233.    The Cui Defendants, despite accepting Trinity's payments, failed to comply with the terms of the Subcontracts.

234.    Trinity's reliance that the Cui Defendants would comply with the Subcontracts was reasonable.

235.    Trinity has suffered and will continue to suffer damages—an affront to equity and good conscience—at the expense of the Cui Defendants' unjust enrichment. It has had to retain another contractor to complete the Cui Defendants' contract work, resulting in additional expenditures and delays.

### FIFTH CROSS-CLAIM FOR DISPARAGEMENT AND HARASSMENT

236.    Answering Defendants repeat each and every allegation set forth above, as if set forth at length herein.

237.   At all relevant times, there was a valid contract between Trinity and SCIPM EAST 24, LLC, for the 111 Project ("111 Contract").

238.   In addition, at all relevant times, there was a valid contract between Structure and 101 WEST END REIT, LLC, for the 101 Project ("101 Contract").

239.   The Cui Defendants had knowledge of both the 111 Contract and 101 Contract.

240.   Upon information and belief, the Cui Defendants hired employees including Plaintiffs whose authorization to work in the United States and command of the English language were questionable.

241.   Upon information and belief, when the Cui Defendants failed to pay Plaintiffs the Cui Defendants claimed improperly that Answering Defendants were Plaintiffs' employers.

242.   Upon information and belief, the Cui Defendants incited them and deceptively instructed Plaintiffs to file a complaint against Answering Defendants for unpaid wages.

243.   The Cui Defendants have and continue to maliciously interfere with the ongoing construction projects at both the 111 Project and 101 Project, by directing their employees and agents to: (1) lay down on the road and sidewalks in an attempt to prevent vehicles from entering the projects; (2) stand at the entrances of the buildings and yell and scream at people walking by and/or trying to enter the buildings; and (3) making threats of violence.

244.   The Cui Defendants' malicious actions lack justification and have been performed with malice and with the sole intention of harming Structure and Trinity.

245.   The Cui Defendants' malicious actions have caused extreme and unfair economic pressure on Structure and Trinity, as well as damages. If this continues, both the 111 Contract and 101 Contract will be terminated by SCIPM EAST 24, LLC and 101 WEST END REIT, LLC, respectively, and Structure and Trinity will suffer even greater damages.

246.   Structure and Trinity have and will continue to suffer damages of a diverse nature due to the Cui Defendants' actions.

### SIXTH CROSS-CLAIM FOR INDEMNIFICATION AND OR CONTRIBUTION

247.   Answering Defendants repeat each and every allegation set forth above, as if set forth at length herein.

248.   If Plaintiffs sustained injuries as alleged in the Complaint, and if it is determined that Answering Defendants are responsible for any judgment recovered by Plaintiffs then said damages were sustained in whole or in part by the negligence and other wrongs of the Cui Defendants, and if any judgment is rendered herein against the defendants, then the Cui Defendants shall be primarily responsible therefor.

249.   By reason of the foregoing, Answering Defendants are entitled to indemnification and/or contribution from the Cui Defendants including an award of attorney's fees, costs and disbursements in a sum to be determined at the trial of this action.


WHEREFORE, defendants Structure Enterprise, Inc., Trinity Builders, Inc., Paul Liou, and Candice Colucci demand judgment against plaintiffs Yongfu Yang, Deliang Fu, Xiaojiang Zuo, Hechao Chen, Aixiang Liu, Kezheng Zuo, and Shushan Hang and defendants An Ju Home, Inc. and Hengjian Cui as follows:

(i)   Dismissing the Complaint in all respects against the Answering Defendants;

(ii)   On the First Cross-Claim, in favor of Structure and against the Cui Defendants in an amount to be determined by a trier of fact, plus prejudgment and post judgment interest, all costs of the suit, including Court costs, expert witness fees, reasonable attorney's fees, and such other relief as the Court deems equitable and appropriate.

(iii)     On the Second Cross-Claim, in favor of Trinity and against the Cui Defendants  in an amount to be determined by a trier of fact, plus prejudgment and post judgment interest, all costs of the suit, including Court costs, expert witness fees, reasonable attorney's fees, and such other relief as the Court deems equitable and appropriate.

(iv)     On the Third in favor of Structure and against the Cui Defendants  in an amount to be determined by a trier of fact, plus prejudgment and post judgment interest, all costs of the suit, including Court costs, expert witness fees, reasonable attorney's fees, and such other relief as the Court deems equitable and appropriate.

(v)     On the Fourth Cross-Claim, in favor of Trinity and against the Cui Defendants in an amount to be determined by a trier of fact, plus prejudgment and post judgment interest, all costs of the suit, including Court costs, expert witness fees, reasonable attorney's fees, and such other relief as the Court deems equitable and appropriate.

(iv)     On the Fifth Cross-Claim, in favor of Answering Defendants and against the Cui Defendants in an amount to be determined by a trier of fact, plus prejudgment and post judgment interest, all costs of the suit, including Court costs, expert witness fees, reasonable attorney's fees, and such other relief as the Court deems equitable and appropriate.

(v)     On the Sixth Cross-Claim in favor of Answering Defendants and against the Cui Defendants for indemnification and/or contribution from the Cui Defendants including an award of attorneys' fees, costs and disbursements in a sum to be determined at the trial of this action; and

(vi)     For such other and further relief as to this Court seems just and proper.


Dated:          Brooklyn, New York
                August 26, 2019

RODRIGUEZ-MCCLOSKEY, PLLC

*/s/ Yenisey Rodriguez-McCloskey*
Yenisey Rodriguez-McCloskey, Esq.
300 Cadman Plaza W., Fl. 12
Brooklyn, New York 11201
Telephone: (347) 689-7625
Facsimile:  (347) 402-1033
yenisey@rodriguezmccloskey.com

*Attorneys for Defendants Structure Enterprise,
Inc.,*
*Trinity Builders, Inc., Paul Liou and Candice
Colucci*

29