UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YONGFU YANG, *et al.*,

                        Plaintiffs,

          -v-

AN JU HOME, INC., *et al.*,

                        Defendants.

19-CV-5616 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

       Plaintiffs Yongfu Yang, Deliang Fu, Xiaojiang Zuo, Hechao Chen, Aixiang Liu, Kezheng Zuo, Shushan Hang, and Derong Zheng bring this action against Defendants An Ju Home, Inc. ("An Ju Home"), Structure Enterprise, Inc. ("Structure"), Trinity Builders, Inc. ("Trinity"), Hengjian Cui, Paul Liou, Candice Colucci, "John" Liou, and "Jane" Zhuo alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

       Defendants Structure, Trinity, Paul Liou, and Candice Colucci (collectively, "the Trinity Defendants") answered the complaint on August 26, 2019.  (Dkt. No. 19.)  Defendants An Ju Home, Inc., Hengjian Cui, "John" Liou, and "Jane" Zhuo have, to date, failed to file an answer or otherwise respond to the complaint.  The Trinity Defendants now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  For the reasons that follow, the Trinity Defendants' motion is granted.

## I.    Background

       The following facts are taken from the complaint (Dkt. No. 1 ("Compl.")) and are assumed true for purposes of this motion for judgment on the pleadings.

       Plaintiffs are construction workers who, for varying spans during the latter half of 2018 and early 2019, were employed at two worksites in New York City.  (*See* Compl. ¶¶ 6–12.)  The

Trinity Defendants were the general contractors for the projects.  (Compl. ¶¶ 14, 18.)  An Ju Home was hired as a subcontractor for the project (*see* Compl. ¶ 22), and Hengjian Cui is a shareholder of An Ju Home (Compl. ¶ 26) (together, the "Cui Defendants").  Cui hired Hechao Chen and both hired and fired Kezheng Zuo, Xiaojiang Zuo, and Aixiang Liu.  (Compl. ¶¶ 27–28.)  Plaintiffs allege that "John" Liou and "Jane" Zhuo both work for Structure.  (Compl. ¶¶ 35–38.)

Plaintiffs allege that the Trinity Defendants failed to pay Plaintiffs their promised daily flat compensation, overtime compensation, and spread-of-hours compensation.  (*See, e.g.*, Compl. ¶¶ 48–51, 53–54.)  Plaintiffs further allege that the Trinity Defendants failed to provide wage statements (*see, e.g.*, Compl. ¶ 52) and failed to provide adequate meal periods (*see, e.g.*, Compl. ¶ 47).  Defendants Paul Liou, Structure, and Trinity required Plaintiffs to "sign in and out upon arrival and at the end of each work day" and "set the working schedule" for Plaintiffs.  (Compl. ¶¶ 21, 31.)  Liou was known to Plaintiffs as "Big Boss" because of his role at Structure (Compl. ¶ 30), while Defendant Hengjian Cui was known as "Little Boss" to Plaintiffs (Compl. ¶ 26).[1]

---

[1] The Court declines the Trinity Defendants' invitation to consider Colucci's affidavit and its attached exhibits.  (*See* Dkt. No. 26.)  For the purposes of a Rule 12(c) motion, a court may rely on "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice."  *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009) (per curiam).  Established law makes clear that "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," and "[e]ven where a document is not incorporated by reference" a court may consider it to the extent it the complaint "relies heavily on its terms and effects" and it is, therefore, "integral" to the complaint.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (citation omitted).  Because none of these circumstances is applicable here, the affidavit and exhibits are excluded from consideration.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(c) authorizes the Court to grant judgment on the pleadings "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Verragio, Ltd. v. AE Jewelers, Inc.*, No. 15 Civ. 6500, 2017 WL 4125368, at *4 (S.D.N.Y. Aug. 23, 2017) (quoting *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)).  A movant is thus entitled to prevail "only if [she] establishes that no material issue of fact remains to be resolved and that [she] is entitled to judgment as a matter of law," *id.* (quoting *Mack v. Comm'r of Soc. Sec.*, No. 12 Civ. 186, 2013 WL 5425730, at *6 (S.D.N.Y. Sept. 27, 2013)), or, put another way, if she "can establish a set of facts that would preclude [the nonmoving party] from obtaining relief." *Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 290 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Citibank, N.A. v. Tormar Assocs. LLC*, No. 15 Civ. 1932, 2015 WL 7288652, at *3 (S.D.N.Y. Nov. 17, 2015) (quoting *Gioconda Law Grp. PLLC v. Kenzie*, 941 F. Supp. 2d 424, 427 (S.D.N.Y. 2013)).  "In both postures, the district court must accept all allegations in the non-movant's pleadings as true and draw all inferences in [that party's] favor." *Id.* (alteration in original) (quoting *Gioconda Law Grp. PLLC*, 941 F. Supp. 2d at 427).

## III.    Discussion

### A.      Timing of Rule 12(c) Motion

As an initial matter, Plaintiffs argue the Trinity Defendants' Rule 12(c) motion for judgment on the pleadings is premature because the other defendants in the action have not yet answered the complaint.  (Dkt. No. 29 at 9.)  Federal Rule of Civil Procedure 12(c) allows a

party to move for judgment on the pleadings only "after the pleadings are closed."  Fed. R. Civ. P. 12(c).  Plaintiffs argue that those defendants' failure to answer the complaint necessarily means that the pleadings are not yet closed as required by Rule 12(c), and therefore the Trinity Defendants are precluded from filing a Rule 12(c) motion.  (Dkt. No. 29 at 9.)

The Court disagrees.  Courts in this District have allowed Rule 12(c) motions to proceed notwithstanding the existence of nonanswering defendants.  *See, e.g.*, *Sarikaputar v. Veratip Corp.*, 371 F. Supp. 3d 101 (S.D.N.Y. 2019).  Further, Rule 12(c) is intended to facilitate "the summary disposition of cases that do not involve any substantive dispute that justifies trial." *Forman v. Acad. Collection Serv., Inc.*, 388 F. Supp. 2d 199, 201 (S.D.N.Y. 2005) (citation omitted).  Where the Trinity Defendants have filed their timely answer, but the other defendants have failed to appear or respond nearly a year after the answer deadline has passed (*see* Dkt Nos. 15–16), it does not further the goals of summary disposition to wait for parties with seemingly no intention of participating in this litigation to answer the complaint in order to adjudicate the claims of the defendants that are participating.  Indeed, Plaintiffs have not yet moved for default judgment against the any nonanswering defendant under Rule 55(b)(2).  Plaintiffs cannot bar the Trinity Defendants from pursuing a motion under Rule 12(c) on the basis that the pleadings are not closed, especially without taking steps to prosecute its claims against the nonanswering defendants.

And even if Plaintiffs are correct that the Trinity Defendants' motion for judgment on the pleadings is premature and that the motion should properly be styled as a Rule 12(b)(6) motion, Plaintiffs argument is purely academic — district courts apply an identical legal standard to both motions.  If a Rule 12(c) motion "is filed before the answer, the court may treat it as a motion to dismiss under Rule 12(b)(6).  In fact, any distinction between them is merely semantic because

the same standard applies to motions made under either subsection." 2 Moore's Federal Practice § 12.38 (3d ed. 2020). This Court's analysis remains the same whether the motion is treated as properly made under Rule 12(c) or as a motion to dismiss under Rule 12(b)(6). As a result, even if true, Plaintiffs' argument cannot prevent this Court from reaching the merits of the motion.

### B.    FLSA Claims

The Trinity Defendants contend Plaintiffs' FLSA claims against them must fail because the parties lacked an employer-employee relationship. (Dkt. No. 27 at 7–21.)

To successfully state an FLSA claim for unpaid wages or overtime compensation, a plaintiff must allege, among other things, that she was the defendant's employee. *See Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). Courts in this Circuit employ two primary tests in this context in order to determine whether a defendant was the employer of an FLSA plaintiff: a "formal control" test, *see Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984), and a "functional control" test, *see Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003). Employment for FLSA purposes is a "flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances," and courts look to the "economic reality of an employment relationship." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104–105 (2d Cir. 2013) (internal quotation marks and citations omitted). "[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

A court must "look beyond an entity's formal right to control the physical performance of another's work before declaring that the entity is not an employer under the FLSA." *Zheng*, 355 F.3d at 69. Thus, courts must not only analyze whether an entity is an employer under the *Carter* test, but also must apply the *Zheng* test to determine whether an entity, even if does not exert formal control over a worker, nonetheless exerts functional control over the worker and

thus acts as an employer for purposes of the FLSA. *Id.* There is "no rigid rule for the identification of an FLSA employer," but rather the determination of the relevant factors in any given case must be made "on a case-by-case basis." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141–143 (2d Cir. 2008).

### 1.   *Carter* Formal Control Test

Four factors help shape the *Carter* formal control test: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter*, 735 F.2d at 12 (citation omitted). However, "[n]o one of the four factors standing alone is dispositive." *Herman*, 172 F.3d at 139 (citation omitted).

First, Plaintiffs offer no factual support for the notion that the Trinity Defendants "had the power to hire and fire the employees." Indeed, the complaint seems to contradict that proposition. Plaintiffs allege that Hengjian Cui — and not the Trinity Defendants — was responsible for hiring and firing individual Plaintiffs. (Compl. ¶¶ 27–28.) Plaintiffs further allege that An Ju Home "hired plaintiffs." (Compl. ¶ 39.) Plaintiffs offer no allegation that the Trinity Defendants were involved in the hiring and firing of Plaintiffs. Accordingly, this factor weighs against a finding of formal control.

Second, in support of the notion that the Trinity Defendants "supervised and controlled employee work schedules or conditions of employment," Plaintiffs allege that the Trinity Defendants "set the working schedule" and required Plaintiffs to sign in and out upon arriving and leaving work. (Compl. ¶ 21.) Taken together, this factor weighs in favor of a finding of formal control.

Third, Plaintiffs offer no factual allegations that the Trinity Defendants "determined the rate and method of payment."  On the contrary, Plaintiffs assert that An Ju Home, rather than the Trinity Defendants, "promised to pay Plaintiffs."  (Compl. ¶ 39.)  Accordingly, this factor weighs against a finding of formal control.

Finally, the only factual allegation that could potentially support the proposition that the Trinity Defendants "maintained employment records," is the aforementioned factual assertion that the Trinity Defendants required Plaintiffs to sign in and out of work.  (Compl. ¶ 21.) However, there is no allegation that they "maintained" these sign-in records, or any other records.  Accordingly, this factor weighs against a finding of formal control.  *Cf. Fernandez v. HR Parking Inc.*, 407 F. Supp. 3d 445, 456 (S.D.N.Y. 2019) (noting that evidence that a defendant "sometimes looked at . . . time-cards" did not amount to an allegation that that defendant "maintained employment records" within the meaning of the *Carter* test).  Plaintiffs, in their opposition to this motion for judgment on the pleadings, make the additional assertion that the Trinity Defendants "kept and maintained" the "employment record" created by the sheets on which Plaintiffs were allegedly made to sign in and out.  (Dkt. No. 29 at 11.) However, on a motion for judgment on the pleadings, a Court cannot consider allegations that a plaintiff raises for the first time in an opposition brief.  *See Kiryas Joel All. v. Vill. of Kiryas Joel*, No. 11 Civ. 3982, 2011 WL 5995075, at *5 (S.D.N.Y. Nov. 29, 2011).  Consequently, these allegations must be disregarded.

Plaintiffs' additional allegation that Paul Liou, the CEO of Structure, was known to Plaintiffs as "Big Boss" (Compl. ¶ 30) is not a factual allegation that supports the notion that he, or any of the other Trinity Defendants, actually "possessed the power to control the workers in question." *Herman*, 172 F.3d at 139.  It merely suggests Plaintiffs might have *perceived* Liou to

7

hold such power.  Plaintiffs allege no facts to explain why Plaintiffs had that perception, or to

show it was a reasonable one under the circumstances.  Accordingly, this allegation does not

support any factor of the *Carter* test.

Plaintiffs argue that they alleged each element of the formal control test in their

complaint.  (*See* Dkt. No. 29 at 9–12.)  However, other than the factual allegations discussed

above, all of Plaintiffs' allegations that the Trinity Defendants employed Plaintiffs for purposes

of the FLSA are conclusory recitations of the four-factor test articulated in *Carter*.  (*See, e.g.*,

Compl. ¶ 30 (alleging that Paul Liou "(1) had the power to hire and fire employees, (2)

supervised and controlled employee work schedules or conditions of employment, (3)

determined the rate and method of payment, and (4) maintained employee records.").)  Plaintiffs

may not meet their pleading burden by merely regurgitating relevant pleading standards — a

plaintiff must plead facts rather than conclusory statements of law.  *See Williams v. Classic

Security*, No. 18 Civ. 1691, 2019 WL 4511953, at *4 (S.D.N.Y. Sept. 19, 2019).  As a result,

these allegations cannot support any of the *Carter* factors.

In sum, Plaintiffs merely allege facts to suggest that the Trinity Defendants "supervised

and controlled employee work schedules."  Under the circumstances, this is insufficient to

support a finding of formal control under the FLSA.

### 2.   *Zheng* Functional Control Test

In *Zheng*, the Second Circuit outlined six factors courts may use in order to determine

whether an entity exercises "functional control over workers even in the absence of . . . formal

control."  355 F.3d at 72.  Courts assess (1) whether the alleged employer's equipment and

premises were used for the workers' labor, (2) whether the workers' labor could "shift as a unit

from one putative joint employer to another," (3) whether workers performed "discrete line-job"

work integral to the alleged employer's production process, (4) whether a subcontractor could

pass responsibility to another subcontractor "without material changes," (5) the degree to which the alleged employer supervised the workers' labor, and (6) whether the workers labored exclusively or predominantly for the alleged employer. *Id.* Courts need not find that every factor weighs against a finding of an employer-employee relationship to find that such a relationship does not exist. *See id.* at 76–77.

Plaintiffs seem to allege that Plaintiffs worked on the Trinity Defendants' premises because the Trinity Defendants were the general contractors responsible for the two construction projects. (*See, e.g.*, Compl. ¶¶ 14, 18; *see also* Dkt. No. 29 at 10 ("Plaintiffs [worked] . . . solely and exclusively on the TRINITY and STRUCTURE projects at the East 24th Street and West End Worksites.").) However, it is unclear that the worksites could be considered the Trinity Defendants' premises because there is no allegation that they owned the sites. And there is no allegation that Plaintiffs used equipment provided by the Trinity Defendants. Thus, the first factor does not weigh in favor of a finding of functional control.

Plaintiffs' complaint further alleges that Plaintiffs' work "was directly essential" to the business operated by all of the Defendants. (Compl. ¶ 41.) This allegation is seemingly intended to support the third factor of the analysis. This allegation, however, makes no reference to whether Plaintiffs performed the type of "discrete line-job" work targeted by the *Zheng* test. Accordingly, these allegations cannot support a finding of functional control.

For the other four *Zheng* factors, Plaintiffs make no factual allegations in their complaint that weigh in favor of finding that the Trinity Defendants exerted functional control over Plaintiffs. Plaintiffs attempt to assert in their opposition that Plaintiffs "worked solely and exclusively for a period of between one and eight months" for the Trinity Defendants. (Dkt. No.

29 at 10–11.)  This allegation falls outside of Plaintiffs' pleadings and may not be considered by this Court.  *See Kiryas Joel All.*, 2011 WL 5995075, at *5.

Because the complaint fails to allege facts that support any of the *Zheng* factors, the allegations contained in the complaint are insufficient to support a finding that the Trinity Defendants exercised functional control over Plaintiffs.

* * *

Plaintiffs' largely conclusory allegations and recitations of the four-factor *Carter* test are insufficient to survive the Trinity Defendants Rule 12(c) motion.  *See Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*, No. 17 Civ. 4058, 2018 WL 6655607, at *4 (S.D.N.Y. Dec. 19, 2018) (citation omitted) (noting that "mere boilerplate allegations that an individual meets the various prongs of an economic reality test are insufficient to survive a motion to dismiss").  And the factual allegations Plaintiffs do offer do not satisfy either the *Carter* or *Zheng* tests.  As a result, Plaintiffs have failed to allege sufficient facts to support a finding that the Trinity Defendants exercised either formal or functional control over Plaintiffs for purposes of the FLSA. Accordingly, all FLSA claims are hereby dismissed as to the Trinity Defendants.

## IV.    NYLL Claims

Plaintiffs assert claims under the NYLL in addition to their claims under the FLSA. Plaintiffs' state-law claims under the NYLL are based on the Court's exercise of supplemental jurisdiction.  (Compl. ¶ 4.)  After dismissal of Plaintiffs' FLSA claims, no federal claims remain. Under 28 U.S.C. § 1367(c)(3), this Court may decline to exercise supplemental jurisdiction over state-law claims once the Court has "dismissed all claims over which it has original jurisdiction." Where, as here, "all federal-law claims are eliminated before trial, the balance of factors to be

considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, because all of Plaintiffs' federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. Accordingly, Plaintiffs' NYLL claims are hereby dismissed.

## V.   Conclusion

For the foregoing reasons, the Trinity Defendants' motion for judgment on the pleadings is GRANTED. Plaintiffs are directed to (1) move for default judgment against the nonappearing Defendants or (2) file a status letter with the Court on or before July 29, 2020.

The Clerk of Court is directed to close the motion at Docket Number 25 and terminate Structure Enterprise, Inc., Trinity Builders, Inc., Paul Liou, and Candice Colucci as parties to this case.

SO ORDERED.

Dated: June 29, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge