UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X          Index No. 19-cv-05616

YONGFU YANG, DELIANG FU, XIAOJIANG ZUO,
HECHAO CHEN, AIXIANG LIU, KEZHENG ZUO,
and SHUSHAN HANG,

                                        Plaintiffs,

                  -against-

AN JU HOME INC. d/b/a An Ju Home;
STRUCTURE ENTERPRISE, INC. d/b/a Structure
Enterprise; TRINITY BUILDERS, INC. d/b/a Trinity
Builders; HENGJIAN CUI, PAUL LIOU, CANDICE
COLUCCI, "JOHN" LIOU, and "JANE" ZHUO

                                        Defendants.

----------------------------------------------------------------X

## MEMORANDUM OF LAW OF ANSWERING DEFENDANTS
## IN OPPOSITION TO MOTION FOR RECONSIDERATION

RODRIGUEZ-MCCLOSKEY PLLC
300 Cadman Plaza, 12th Floor
Brooklyn, New York 11201
Telephone: (347) 689-7625
Facsimile: (347) 402-1033

*Attorneys for Defendants Structure Enterprise, Inc.,*
*Trinity Builders, Inc., Paul Liou and Candice Colucci*

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES** ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 3

ARGUMENT .......................................................................................................................... 4

    **POINT I** .......................................................................................................................... 4

    **THE MOVING AFFIDAVITS ARE INADMISSIBLE ON A MOTION FOR
RECONSIDERATION WHERE PLAINTIFFS SUBMITTED NEW INFORMATION
THROUGH SIX AFFIDAVITS WITHOUT THE COURT'S PERMISSION AND
FAILED TO DEMONSTRATE THAT THE INFORMATION WAS NEWLY
DISCOVERED AND COULD NOT HAVE BEEN DISCOVERED BEFORE THE
COURT'S RULING ON THE MOTION TO DISMISS.** ........................................... 4

    **POINT II** ....................................................................................................................... 9

    **THE NON-PARTY MOVING AFFIDAVITS ARE INADMISSIBLE UNDER FRCP
37(c)(1) AND SHOULD NOT BE CONSIDERED BY THE COURT.** ................. 9

    **POINT III** ..................................................................................................................... 10

    **THE MOVING AFFIDAVITS LACK VERACITY AND ARE INADMISSIBLE AS
THEY WERE SUBMITTED WITHOUT A CERTIFIED NATIVE LANGUAGE
TRANSLATION AND WITHOUT DOCUMENTATION TO SUPPORT THAT THE
DECLARANTS UNDERSTOOD WHAT THEY WERE SIGNING.** ...................... 10

        ii.    Plaintiffs failed to provide a signed written document in their native-language .......... 12

        accompanied by a certified English-language translation. .................................................. 12

        iii.    Plaintiffs failed to submit a separate declaration indicating that the document has
been   13

        translated and that clearly shows they understood the contents of the document they have. 13

        signed. ................................................................................................................................ 13

    **POINT IV** ...................................................................................................................... 14

    **EVEN ACCEPTING THE "NEW EVIDENCE" PLAINTIFFS' ALLEGATIONS FAIL
UNDER THE CARTER AND ZHENG TESTS.** .................................................... 14

CONCLUSION ....................................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

*Supreme Court Opinions*

United States v. Rosenwasser,
    323 U.S. 360 (1945) ............................................................................................ <u>9</u>

*Federal Court Opinions*

Allstate Ins. Co. v. Herron,
    634 F.3d 1101 (9th Cir. 2011) ........................................................................ <u>7</u>

Arias v. Mutual Central Alarm Servs., Inc.,
    1999 U.S. Dist. LEXIS 21488 (S.D.N.Y. Jan. 22, 1999) ....................... <u>6</u>

Cordova v. SCCF, Inc.,
    2014 WL 3512838 (S.D.N.Y. July 16, 2014) ........................................ <u>14</u>

Carter v. Dutchess Community College,
    735 F. 2d 8 (2d Cir. 1984) .................................................................. <u>9</u>, <u>14</u>

Chenensky v. N.Y. Life Ins. Co.,
    2010 U.S. Dist. LEXIS 56564 (S.D.N.Y. June 1, 2010) ....................... <u>5</u>

Cuzco v. Orion Builders, Inc.,
    477 F. Supp. 2d 628 (S.D.N.Y. 2007) ................................................. <u>11</u>

Design Strategy, Inc. v. Davis,
    469 F.3d 284 (2d Cir.2006) .................................................................. <u>9</u>

E.J. Brooks Co. v. Cambridge Sec. Seals,
    2015 U.S. Dist. LEXIS 174447 ............................................................ <u>5</u>

Heredia v. Americare, Inc.,
    2020 WL 3961618 (S.D.N.Y. July 13, 2020), ...................................... <u>10</u>

Herman v. RSR Sec. Services Ltd.,
    172 F.3d 132 (2d Cir. 1999) ................................................................. <u>9</u>

Legal Aid Society v. City of New York,
    2001 U.S. Dist. LEXIS 21 (S.D.N.Y. Jan. 4, 2001) .............................. <u>5</u>

Mattis v. Zheng,
    2006 WL 3155843 (S.D.N.Y. Oct. 27. 2006). .............................. <u>12-13</u>

Patterson v. Balsamico,
    440 F.3d 104 (2d Cir. 2006) ................................................................ <u>10</u>

Polar Int'l Brokerage Corp. v. Reeve,
    120 F. Supp. 2d 267 (S.D.N.Y. 2000) ................................................. 4-5

Quartararo v. Catterson,
    73 F. Supp. 2d 270 (E.D.N.Y. 1999) ......................................... 5

Ralph Oldsmobile, Inc. v. GMC,
    2001 U.S. Dist. LEXIS 421 (S.D.N.Y. Jan. 23, 2001) ........................... 5

Shi Ming Chen v. Hunan Manor Enter., Inc.,
    2018 WL 1166626 (S.D.N.Y. Feb. 15, 2018) ....................................... 14

Spicer v. Pier Sixty LLC,
    269 F.R.D. 321, 335 n. 13 (S.D.N.Y.2010) ............................... 9

Tangtiwatanapaibul v. Tom & Toon Inc.,
    2018 WL 4405606 (S.D.N.Y. Sept. 17, 2018) ............................. 11, 13

Tatum v. City of New York,
    2009 U.S. Dist. LEXIS 35391 (S.D.N.Y. April 9, 2009) .................... 5-6

Tavarez v. U.S.,
    2005 WL 1500865 (S.D.N.Y. June 23, 2005) ................................. 7-8

Virgin Atlantic Airways v. Nat'l Mediation Bd.,
    956 F.2d 1245 (2d Cir. 1992) ........................................... 5

Zheng v. Liberty Apparel Co.,
    355 F.3d 61 (2d Cir. 2003) ...................................... 9, 14-15

Rules

Fed. R. Civ. P. 37 ................................................................. 9

Local Rules of the Southern and Eastern District Courts Rule 6 ......................... 1, 4, 7

Fed. R. Civ. P.  12(c) .............................................................. 1

<u>PRELIMINARY STATEMENT</u>

This memorandum of law is respectfully submitted by defendants Structure Enterprise, Inc. ("Structure"), Trinity Builders, Inc. ("Trinity"), Paul Liou, and Candice Colucci (collectively, "Answering Defendants") in opposition to the motion of plaintiffs Yongfu Yang, Deliang Fu, Xiaojiang Zuo, Hechao Chen, Aixiang Liu, Kezheng Zuo, and Shushan Hang (collectively "Plaintiffs"), for reconsideration of the motion to dismiss under Federal Rule of Civil Procedure ("FRCP"), Rule 12(c) of Answering Defendants.

Although on a motion for reconsideration under FRCP 59(e), and Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), a movant shall not file supporting affidavits, Plaintiffs file *six* separate affidavits (collectively the "Moving Affidavits") in support of their motion, arguing faultily that the information contained in the Moving Affidavits is newly discovered, and/or there has been a change in law excusing their submission. Neither argument offered by Plaintiffs for submission of the affidavits is well-grounded.

Most significantly, Plaintiffs never explain how this information was not previously known to them when they personally observed the purported circumstances and alleged events giving rise to the Moving Affidavits in 2019, prior to the filing of this action. Absent this showing, as a matter of law, the allegations cannot be included on reconsideration. Based on the statements made in the Moving Affidavits, all of this information was available to each of the affiants prior to the commencement of this action in April 2019, and long before this Court granted Answering Defendants' motion to dismiss, yet it was never previously presented to the Court, neither as a part of the Complaint, Plaintiffs' discovery responses, nor in proper form in opposition to the motion to dismiss. Only two of the Moving Affidavits are made by plaintiffs in this action. The other four

Moving Affidavits are by non-parties who purportedly worked with Plaintiffs at the subject projects. Of the four non-party Moving Affidavits offered, two claim to have been paid directly by defendant Paul Liou after An Ju Home Inc. ("An Ju Home") and its principal, defendant Hengjian Cui (collectively referred to as the "Cui Defendants") stopped employing them. Tellingly, none of the Plaintiffs state that they were employed or paid directly by Paul Liou. Likewise, nowhere do Plaintiffs even present any purported change in controlling law which would necessitate the Court's reconsideration of its decision.

In addition to being submitted in violation of Local Rule 6.3 without the Court's permission, Plaintiffs newly minted contentions relating to defendant Paul Liou are barred by FRCP 37(c). Plaintiffs failed to disclose the non-parties they now claim are witnesses, and their newly cast narrative contradicts the discovery responses of Plaintiffs as well as their document responses, none of which detail any of the statements now claimed in the Moving Affidavits. Clearly, there is no excuse for allowing the discovery abuses of Plaintiffs and the new story the Plaintiffs ask the Court to believe, as presented in the Moving Affidavits.

Furthermore, the Moving Affidavits lack veracity and are inadmissible as evidence. The Moving Affidavits were submitted without a certified native language translation and without documentation stating that the declarants understood what they were signing as required by law. The veracity of the Moving Affidavits is further undermined by the fact that the allegations now made are contradictory to prior sworn interrogatory responses. Plaintiffs never disclosed the non-party witnesses, nor any of the contentions it now claims in the Moving Affidavits.

Assuming, *arguendo*, that the Court were to consider the "new" conclusory statements made in the Moving Affidavits submitted by Plaintiffs, they still fail to demonstrate that any of Answering Defendants were joint employers of Plaintiffs under both the Carter and the Zheng

tests. The purportedly new information upon which the new allegations in the Moving Affidavits are based do not show that Answering Defendants had the power to hire or fire any of the Plaintiffs, that any of Answering Defendants exerted a level of supervision or control over the Plaintiffs to be joint employers under the FLSA, that Answering Defendants directly paid any of Plaintiffs for work performed while employed by An Ju Home, or that Answering Defendants owned the properties at which the two subject construction project work sites were located. Plaintiffs' new allegations are conclusory and in no way supported by any admissible evidence other than the other Moving Affidavits, and in the case of ownership of the subject work site properties, utterly in disregard of the facts established by documentary evidence properly presented by Answering Defendants in support of their motion to dismiss.

As will be established below, Plaintiff has failed to carry the strict burden of demonstrating a justification for the Court to reconsider and amend its judgment granting the Answering Defendants' motion to dismiss.

For all of the reasons set forth herein and below, the motion of Answering Defendants should in all respects be granted.

<u>STATEMENT OF FACTS</u>

The facts upon which this memorandum of law is based are stated in the accompanying affidavit of Paul Liou, sworn to on August 10, 2020 ("Liou Aff."), and declaration of Yenisey Rodriguez-McCloskey, Esq. ("McCloskey Aff.,"), dated August 10, 2020, and the accompanying exhibits, all of which are incorporated herein by reference.

<u>ARGUMENT</u>

**POINT I**

**THE MOVING AFFIDAVITS ARE INADMISSIBLE ON A MOTION FOR RECONSIDERATION WHERE PLAINTIFFS SUBMITTED NEW INFORMATION THROUGH SIX AFFIDAVITS WITHOUT THE COURT'S PERMISSION AND FAILED TO DEMONSTRATE THAT THE INFORMATION WAS NEWLY DISCOVERED AND COULD NOT HAVE BEEN DISCOVERED BEFORE THE COURT'S RULING ON THE <u>MOTION TO DISMISS.</u>**

In filing the Moving Affidavits, Plaintiffs have glaringly disobeyed and disregarded Local Rule 6.3 in an attempt to inject additional allegations and information beyond what is contained on the record on the Answering Defendants' motion to dismiss. The new allegations made in the Moving Affidavits are all based on information which three, and more likely all, of the Plaintiffs possessed well before the instant action was even commenced. Plaintiffs claim that the new allegations are based on information newly discovered, but utterly fail to explain how that information was not already known to Plaintiffs at any time during the nearly seventeen months which elapsed between events which purportedly occurred in February 2019 and this Court's decision granting the motion to dismiss in late June 2020. That Plaintiffs failed to raise any of the information upon which the new allegations in the Moving Affidavits are based speaks to, at best, the blundering execution of a litigation tactic, and at worst, a barrage of deliberate misrepresentations made to deceive the Court and Answering Defendants.

Motions for reconsideration are governed by Rule 6.3 of the Local Rules which states, in relevant part, "no affidavits shall be filed by any party unless directed by the court." Local Rule 6.3. This restriction on the filing of affidavits exists because a motion for reconsideration is directed to matters advanced during the initial motion but "overlooked" by the court. <u>See</u> <u>Local Civil Rule 6.3</u>. A motion for reconsideration is not a vehicle for "plugging the gaps of the lost motion with additional matters." <u>Polar Int'l Brokerage Corp. v. Reeve</u>, 120 F. Supp. 2d 267, 269

(S.D.N.Y. 2000) (internal quotations omitted). "Reconsideration of an order is an 'extraordinary remedy to be employed sparingly in the interests of finality and [to conserve] scarce judicial resources.'" Chenensky v. N.Y. Life Ins. Co., 2010 U.S. Dist. LEXIS 56564, at *1 (S.D.N.Y. June 1, 2010) (quoting Parrish v. Sollecito. 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)). Therefore, it is well established that "Local Rule 6.3 must be 'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'" Saunders v. City of New York, 2009 U.S. Dist. LEXIS 2834, at *3 (S.D.N.Y. January 12, 2009) (quoting DGM Invs., Inc. v. New York Futures Exch., Inc., 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003)).

Parties may not offer new facts or arguments on a motion for reconsideration. See, e.g., Legal Aid Society v. City of New York, 2001 U.S. Dist. LEXIS 21, at *1 (S.D.N.Y. Jan. 4, 2001); Quartararo v. Catterson, 73 F. Supp. 2d 270, 273 (E.D.N.Y. 1999). When a party improperly submits an affidavit on a motion for reconsideration, the appropriate remedy is to strike the affidavit and disregard it. Quartararo, 73 F. Supp. 2d at 273; see also, Ralph Oldsmobile, Inc. v. GMC, 2001 U.S. Dist. LEXIS 421, at *3-*5 (S.D.N.Y. Jan. 23, 2001) (holding that an affidavit not before the court in connection with the prior motion, filed only in support of a motion for reconsideration, and filed without the permission of the court would not be considered in connection with the motion for reconsideration).

Under FRCP 59(e), "a motion for reconsideration may be granted if there is an intervening change of controlling law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). However, the new evidence cannot be evidence that "could have been raised prior to the entry of judgment." E.J. Brooks Co. v. Cambridge Sec. Seals, 2015 U.S. Dist. LEXIS 174447, *34 (S.D.N.Y. December 23, 2015); see also, Tatum v. City of

New York, 2009 U.S. Dist. LEXIS 35391, at *4 (S.D.N.Y. April 9, 2009) ("To obtain relief from judgment based on newly discovered evidence, the movant must demonstrate that the newly discovered evidence could not have been discovered 'with reasonable diligence' prior to the court's ruling." (citation omitted)).

Arias v. Mutual Central Alarm Servs., Inc., involved very similar facts to those in the instant action. The movant therein, requesting reconsideration of a previous motion for summary judgment, filed an additional affidavit in a "transparent attempt to expand the record" on the prior motion. 1999 U.S. Dist. LEXIS 21488 at *7 (S.D.N.Y. Jan. 22, 1999). The court in Arias struck the affidavit and explained that there was no showing that any information contained in the new affidavit was not fully available to the party submitting it when responding to the prior motion. Id. at *10. Similarly, in the instant action, Plaintiffs state that the new information in the Moving Affidavits centers around events that allegedly occurred in or around February 2019, three to four months prior to the filing of the instant complaint on June 16, 2019 and approximately seventeen months prior to this Court's decision granting Answering Defendants' motion to dismiss. Furthermore, two of the six Moving Affidavits filed by Plaintiffs are sworn to by three of the named Plaintiffs. (Affidavit of Deliang Fu and Hechao Chen; Affidavit of Yongfu Yang[1]). Other than a conclusory statement in the memorandum of law in support of this motion for reconsideration, Plaintiffs have offered no explanation why the new information could not have been discovered prior to this Court's decision on the Answering Defendants' prior motion to dismiss. The affidavits demonstrate that the events that are newly alleged therein were widely known to most, if not all, of the employees of An Ju Home working on the subject projects. Indeed, non-party affiant Hongquan Chen states that he did not personally witness, but heard from his

---

[1] The affidavit of Yongfu Yang is *prima facie* defective as it is not signed by the affiant, Yongfu Yang. The signature for that affidavit is by another non-party affiant, Hongquan Chen. (Affidavit of Yongfu Yang, P. 6).

coworkers, about the alleged meeting at Paul Liou's office. (Affidavit of Hongquan Chen, ¶ 22). This creates an inference that many, if not all, of An Ju Home's workers were aware of, or made aware of, the result of their wage strike in January 2019. Furthermore, each of the three Plaintiff-affiants who submitted two of the Moving Affidavits on the instant motion claim to have been present at the alleged meeting at Paul Liou's office following the January 2019 strike. (Affidavit of Deliang Fu and Hechao Chen, ¶¶ 27-31; Affidavit of Yongfu Yang, ¶¶ 26-30).

The claim in Plaintiffs memorandum of law in support of the instant motion, that the information regarding the January 2019 strike and the events occurring thereafter, including alleged cash payments made in February 2019 to non-parties, cannot possibly have been unknown to Plaintiffs is wholly undermined by their own statements. Simply stated, Plaintiffs have not and cannot explain how this new information could not have been discovered and placed on the record before the Court before it granted the Answering Defendants' motion to dismiss.

Plaintiffs' reliance on <u>Tavarez v. U.S.</u>, 2005 U.S. Dist. LEXIS 12428, 2005 WL 1500865 (S.D.N.Y. June 23, 2005) and <u>Allstate Ins. Co. v. Herron</u>, 634 F.3d 1101, 1105 (9th Cir. 2011) in support of their motion is misplaced. Plaintiffs claim, in their memorandum of law in support, that the four grounds for justifying a court's reconsideration of its decision on a prior motion set forth in the <u>Herron</u> case in the Ninth Circuit are the same under Rule 6 of the Local Rules of the Southern and Eastern District Courts, citing <u>Tavarez</u> in support of that claim. Not only does the <u>Tavarez</u> decision lack any comparison or citation to <u>Herron</u>, it does not set out any four specific grounds for reconsideration set forth in the <u>Herron</u> decision. <u>See</u>, <u>Tavarez</u>, 2005 U.S. Dist. LEXIS at *2-*3. Furthermore, the <u>Tavarez</u> court's discussion of motions to amend or alter a decision under Rule 59(e) specifically states that such motions "may not be used to relitigate old matters, ***or to raise arguments or present evidence that could have been raised prior to the entry of judgment.***" <u>Id.</u>

at *2 (emphasis supplied) (citing 11 Charles A. Wright, et al., <u>Federal Practice & Procedure</u> § 2810.1, at 127-28 (1995); and <u>F.D.I.C. v. World University, Inc.</u>, 978 F.2d 10, 16 (1st Cir. 1992)).

Here, the Moving Affidavits present information of events that allegedly occurred in February 2019, nearly four months prior to the commencement of the instant action. Plaintiffs provide no reason why this information, corroborated by affidavits sworn to by three of the named Plaintiffs, and involving events that appear to have been generally known by and amongst the employees of defendant An Ju Home Inc., is newly discovered. Plaintiffs have also not provided any reason why this information could not have been reasonably discovered by them at any time between February 2019 and June 29, 2020, when this Court issued its Opinion and Order granting Answering Defendants' motion to dismiss the complaint. Especially considering at least three of the named Plaintiffs knew of all or most of the new information presented in the Moving Affidavits (Affidavit of Deliang Fu and Hechao Chen; Affidavit of Yongfu Yang), Plaintiffs have not demonstrated that this information could not have been discovered and presented prior to this Court's decision on the Answering Defendants' motion to dismiss. Instead, Plaintiffs make a single conclusory statement that the information contained in the Moving Affidavits was "newly discovered evidence that needs to be presented." However, Plaintiffs' delay in bringing this alleged evidence to the Court's attention is inexcusable.

Similarly, Plaintiffs' arguments based upon citations to case law relating to the Fair Labor Standards Act ("FLSA") are unavailing, as Plaintiffs arguments are again based upon facts that they could have presented to the Court prior to its decision granting Answering Defendants' motion to dismiss. Furthermore, in an attempt to support its arguments regarding application of the FLSA to the new allegations supplied in the Moving Affidavits in the memorandum of law in support of their motion, Plaintiffs only cite to cases to which they have already cited in their

memorandum of law in opposition to the Answering Defendants' motion to dismiss. In their memorandum of law in support of the instant motion, Plaintiffs cite the following cases relating to the FLSA: <u>Spicer v. Pier Sixty LLC</u>, 269 F.R.D. 321, 335 n. 13 (S.D.N.Y.2010); <u>Zheng v. Liberty Apparel Co.</u>, 355 F.3d 61, 66 (2d Cir. 2003); <u>United States v. Rosenwasser</u>, 323 U.S. 360, 363 n.3 (1945); <u>Herman v. RSR Sec. Services Ltd.</u>, 172 F.3d 132, 139 (2d Cir. 1999); <u>Carter v. Dutchess Community College</u>, 735 F. 2d 8, 12 (2d Cir. 1984). Notwithstanding the new allegations that are presented in the Moving Affidavits, Plaintiffs have not shown that there is intervening change in controlling law which would justify the Court's reconsideration of its decision to grant Answering Defendants' motion to dismiss.

Based on the foregoing, Answering Defendants respectfully submit that Plaintiffs' motion for reconsideration should be denied.

## POINT II

### THE NON-PARTY MOVING AFFIDAVITS ARE INADMISSIBLE UNDER FRCP 37(c)(1) AND SHOULD NOT BE CONSIDERED BY THE COURT.

Plaintiffs should not now be allowed to sandbag Answering Defendants with non-party witnesses who were never disclosed in discovery and an entirely new theory of the case which was never disclosed in discovery.

Pursuant to Federal Rule of Civil Procedure, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  Furthermore, "A district court has wide discretion to impose sanctions, including severe sanctions, under [Rule] 37." <u>Design Strategy, Inc. v. Davis</u>, 469 F.3d 284, 294 (2d Cir.2006).

In determining whether to exercise its discretion to preclude evidence under Rule 37, courts examine the factors established in Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006): "(1) the party's explanation for the failure to comply with the discovery requirement; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to address the new evidence; and (4) the possibility of a continuance."

In this case, during discovery, Plaintiffs never disclosed that it had non-party witnesses, nor any of the contentions it now claims in its Moving Affidavits (McCloskey Decl., ¶¶ 3-8). Indeed, Plaintiffs provided no information whatsoever of its witnesses, the alleged payments made by Paul Liou, nor any of the purported "new facts" upon which its motion is based. (McCloskey Decl., McCloskey Decl., ¶¶ 8-9). Having offered a conflicting narrative in its complaint, which was affirmed by its discovery responses, Plaintiffs cannot now alter its narrative to suit its own ends. For these reasons, the non-party Moving Affidavits should not be considered.

## POINT III

### THE MOVING AFFIDAVITS LACK VERACITY AND ARE INADMISSIBLE AS THEY WERE SUBMITTED WITHOUT A CERTIFIED NATIVE LANGUAGE TRANSLATION AND WITHOUT DOCUMENTATION TO SUPPORT THAT THE DECLARANTS UNDERSTOOD WHAT THEY WERE SIGNING.

The Moving Affidavits are also defective and should not be considered by the Court because they lack veracity and are inadmissible as evidence. When a party relies on an English-language declaration of a person whose native language is not English, that party must also submit documents sufficient to show that the declarant understood what he signed. See Heredia v. Americare, Inc., 2020 WL 3961618 at *4 (S.D.N.Y. July 13, 2020), (citing Sicom S.P.A. v. TRS Inc., 168 F. Supp. 3d 698,709 (S.D.N.Y. 2016)). The requirement must be met in one of the following ways: i) the document can be a certified translation in the declarants native language, as long as the declarants read the translation before signing the English-language version, ii) a signed

document by the declarant in his or her native-language with a certified English-Language translation, or iii) a separate declaration expressing that the document has been translated, and clearly establishes that the declarant understood the contents of the document. Id.

As will be further established below, none of the Moving Affidavits are presented in admissible form. Furthermore, the stated interpreter on these defective affidavits, Tiffany Troy, has an inherent conflict of interest as she is employed by, and may be related to, the Plaintiffs' attorney John Troy.

i.    Plaintiffs failed to provide a certified translation in the declarants' native language that shows  the declarants read the translation before signing the English-language version.

A declarant may only fulfill the first translation requirement by a certified translation in the declarants' native-language that evidences that the declarants read the translation before signing the english version. See Tangtiwatanapaibul v. Tom & Toon Inc., 2018 WL 4405606 at *3 (S.D.N.Y. Sept. 17, 2018); Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628, 634 (S.D.N.Y. 2007)).

See Tom & Toon, 2018 WL 4405606 at *3. In Tom & Toon, the Plaintiffs, who did not read or speak English, submitted a declaration with an Emergency Motion for injunctive relief. The declaration was signed in English and contained the statement, "This document has been translated to me in my native language of Lao, and I fully comprehend the contents," however, the declaration was not accompanied by a Lao translation. As such, the court ruled that the declaration was inadmissible. Id. Similarly, in the instant action the Plaintiffs Yongfu Yang, Deliang Fu, and Hechao Chen, who do not speak English, along with the other non-party witnesses have submitted affidavits in which they state, "This document has been translated to me in my native language of Chinese, and I fully comprehend the contents," with no accompanying Chinese translation of the

document showing they read the Chinese translation of the document before signing the English version. The Plaintiffs have failed to meet this form of satisfying the requirement since they have submitted the Chinese translation of the affidavit that proves they understand what they signed.

ii.   Plaintiffs failed to provide a signed written document in their native-language accompanied by a certified English-language translation.

The Moving Affidavits also do not fulfill the second translation requirement as they fail to include a written document in their native language. The only certification provided in the Moving Affidavits in regards to the Moving Affidavits' accuracy is a declaration by the translator that states that she has, ". . .provided a true and accurate translation of the above document, 'Plaintiff's Affidavit in Support of Plaintiffs' Motion to reconsider,'" however, there is not a sworn statement by the Plaintiffs stating that they fully understood the content of the document. (Affidavits of Deliang Fu and Hechao Chen ¶ 43; Yongfu Yang ¶ 43). Nor have the Plaintiffs have met this form of satisfying the requirement since they have not provided any additional documents with a signed translation in their native language.

Only a signed written document in the declarants' native language accompanied by a certified English translation would be sufficient to satisfy the requirement. Mattis v. Zheng., 2006 WL 3155843, at *1 (S.D.N.Y. October 27. 2006). In Mattis, the Plaintiff did not speak English, but there was a translation of the declaration along with other accompanying documents that enabled the Plaintiff to confirm that every statement was true and accurate, in which the court ruled that the declaration was proper. Id. The Mattis Court found:

> Liu does not speak English. (Liu Decl. P 7). I reject Mattis's request to strike the Declaration of Liu Zheng. Mattis contends that Liu's Declaration violates Federal Rule of Civil Procedure 56(e), in that Liu does not speak English, yet his Declaration and the attached exhibits are offered in English. (Liu Decl. & Exs. A-S). Although it would have been more appropriate for Liu to sign a Chinese version of his Declaration and then for his counsel to translate the Declaration into English,

12

the approach taken here -- translation not only of the Liu Declaration and the attached exhibits, but also of the Defendant's Memorandum of Law and all legal documents, so that Liu could confirm that every statement was true and accurate and could make revisions, then again confirming that the final draft was true and accurate (Decl. of Li Jia P 2) -- does not render the Liu Declaration improper. *(citations omitted)*

<u>Id.</u>

In this case on the other hand, Plaintiffs have not provided a signed document in their native-language or any other documentation that shows that the Plaintiffs were able to confirm the truth and accuracy of each statement in the Moving Affidavits.

iii.   Plaintiffs failed to submit a separate declaration indicating that the document has been translated and that clearly shows they understood the contents of the document they have signed.

Plaintiffs did not submit a separate declaration swearing that the declaration had been translated for them and that they understood the content of the documents they signed and thus have failed the third translation requirement also. (Affidavit of Yangfu Yang ¶ 43; Affidavit of Deliang Fu and Hechao Chen ¶ 43). This court in <u>Tom & Toons</u> ruled that the declaration therein was inadmissible even though the declarants had stated that the document had been translated to them in their native language and they fully comprehended the contents because the declaration was not accompanied by a separate document that made it clear that they understood the contents of the English-language declaration. <u>See</u>  <u>Tom & Toons,</u> 2018 WL 4405606 at *3. Similarly, Plaintiffs have failed to meet the third form in which to satisfy the requirement.

Plaintiffs have failed to properly submit affidavits that satisfy any of the three requirements necessary to meet the requirement of providing sufficient documentation establishing that they understood the contents of the affidavit before signing. For this reason, the court should not admit the Moving Affidavits submitted by the Plaintiffs in support of the motion **for reconsideration of motion to dismiss.**

13

**POINT IV**

**EVEN ACCEPTING THE "NEW EVIDENCE" PLAINTIFFS'
ALLEGATIONS FAIL UNDER THE CARTER AND ZHENG TESTS.**

Assuming, for argument's sake, that the Court were to consider the "new" conclusory statements made in the documents submitted by Plaintiffs, they still fail under both the Carter and the Zheng tests. The two main tests used to determine whether a joint employer relationship exists under the FLSA—the "economic reality test" and the "functional economic reality test"—are controlling in this case and establish "'a nonexclusive and overlapping set of factors to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA.'" Cordova v. SCCF, Inc., No. 2014 WL 3512838, at *4 (S.D.N.Y. July 16, 2014) (quoting Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 143 (2d Cir. 2008)). The first test (the "Carter" Test) is grounded in economic reality and formal control rather than technical concepts and involves the following factors:

> whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. The power to control a worker is a crucial factor in determining whether an employment relationship exists.

Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984) (internal quotes and citations removed). This Court has held that "[s]atisfying these four factors is sufficient, but not necessary to establishing an employer relationship." Shi Ming Chen v. Hunan Manor Enter., Inc., 2018 WL 1166626, at *8 (S.D.N.Y. Feb. 15, 2018).

The second test (the "Zheng" Test) focuses on whether there was "functional" control of an employee. See Zheng v. Liberty Apparel Co., 355 F.3d 61, 75 (2d Cir. 2003). In Zheng v. Liberty Apparel Company, the factors, listed in no particular order, include: (1) whether the

defendant's "premises and equipment were used for the plaintiffs' work"; (2) whether the defendant "had a business that could or did shift as a unit from one putative joint employer to another"; (3) "the extent to which plaintiffs performed a discrete line-job that was integral to . . . [the defendant's] process of production"; (4) "whether responsibility under the contracts could pass from one subcontractor to another without material changes"; (5) "the degree to which the . . . [defendant or its agents] supervised [the] plaintiffs' work"; and (6) "whether [the] plaintiffs worked exclusively or predominantly for the . . . [defendant]." Id. at 72.

The statements provided in the Moving Affidavits contain solely uncorroborated statements, some of which are directly contradicted by the documentary evidence provided by Answering Defendants in support of their motion to dismiss the complaint. For example, each of the Moving Affidavits claim that defendant Paul Liou is the owner of the properties at which the two subject construction projects were located. However, the agreement between defendant Trinity and SCIPM East 24th LLC clearly demonstrates that SCIPM East 24th LLC was the owner of the property on which the project site was located, 111 East 24th Street, New York, New York 10010 (the "24th Street Worksite"), not Paul Liou or Trinity. (Colucci Aff.[2], Ex. 7C, p. 1)  Furthermore, the subcontract agreement between defendant Structure and Empire Core Group LLC states unequivocally that the owner of the project site located at 101 West End Avenue, New York, New York 10023 (the "64th Street Worksite") was an entity known as 101 West End REIT, LLC, not Paul Liou or any of the other Answering Defendants. (Colucci Aff., Ex.7H, p. 1, ¶ 2). Plaintiffs' conclusory statements regarding ownership of the work site properties are both lacking any corroborating evidence, and directly contradicted by documentary evidence. Plaintiffs simply ignore documentary evidence from the record on the motion to dismiss and instead craft a narrative

---

[2] Colucci Aff. refers to the affidavit of defendant Candice Colucci, sworn to on October 3, 2019, a copy of which is annexed hereto as Exhibit 7 to the McCloskey Aff. inclusive of exhibits.

in an attempt to satisfy some of the factors comprising the <u>Carter</u> Test or the <u>Zheng</u> Test. The lack of regard for documentary evidence on the record is telling of Plaintiffs' willingness to flout facts in sworn statements before the Court in order to avoid dismissal of their complaint.

The Moving Affidavits attempt to conjure allegations which would supposedly meet the <u>Carter</u> and/or <u>Zheng</u> Test factors as to Paul Liou as a joint employer of Plaintiffs along with An Ju Home and its principal Hengjian Cui. However, these allegations do not establish any of the factors from the <u>Carter</u> and <u>Zheng</u> tests. Furthermore, the narrative set forth by the Moving Affidavits contradicts the evidence established on record on the motion to dismiss. The Moving Affidavits are utterly unsupported by any evidence other than some corroborating statements made in each of the Moving Affidavits and therefore the allegations in those affidavits appear to be more likely to be based upon speculation and assumption rather than reflecting facts. For example, the allegations that Paul Liou would visit the two project work sites and make comments about workers' performances does not establish that Paul Liou was a joint employer because this conduct does not rise to a degree of control as considered in the <u>Zheng</u> Test. Similarly, the allegation that the tools were stored at Paul Liou's office and that Paul Liou later took the tools to his home do not conclusively establish that he was the owner of those tools.

Paul Liou's presence on the work site was clearly within the scope of a general contractor, who must ensure that subcontractors and trade contractors complete their work correctly and according to schedule in order to allow subsequent subcontractors and trade contractors to perform their portion of the project in a timely manner. Indeed, all of the Moving Affidavits which allege Paul Liou's purported supervision of them state that this conduct occurred "from time to time" and solely at the 64th Street Worksite, where Trinity was the general contractor to An Ju Home. (Affidavit of Deliang Fu and Hechao Chen, ¶ 13; Affidavit of Cheng Yong Huang, ¶ 15; Affidavit

of Yubing Lin, ¶ 15; Affidavit of Hongquan Chen, ¶ 11; Affidavit of Jianbin Cai, ¶ 14; Affidavit of Yongfu Yang, ¶ 16). This amount of supervision does not rise to a level of a joint employer under the <u>Zheng</u> Test.

Indeed, Moving Affidavits from non-parties all conclusively state that the workers at the two project work sites were hired by Hengjian Cui, not Paul Liou or any of the Answering Defendants. (Affidavit of Jianbin Cai, ¶ 6; Affidavit of Cheng Yong Huang, ¶ 6; Affidavit of Hongquan Chen, ¶ 5; Affidavit of Yubing Lin, ¶ 3). As previously averred in the Colucci Affidavit in support of Answering Defendants' motion to dismiss, Trinity and Structure paid An Ju Home for services provided until April 15 and 9, 2019, respectively, in accordance with work completed. (Colucci Aff., ¶¶ 8, 16). Answering Defendants further provided copies of the checks paid to An Ju Home. (Colucci Aff., Exs. 7G, I). Furthermore, the Colucci Affidavit states that for both work sites, An Ju Home unilaterally chose, on or about April 23, 2019, to cease all subcontracting services and refused to return to both work sites. (Colucci Aff., ¶¶ 11, 18).

In order to bolster its false narrative, the Moving Affidavits misrepresent the events relating to and subsequent to the strike. After An Ju Home's workers participated in a wage strike, Paul Liou inquired what they were owed and advanced funds to An Ju Home to assist its cash flow, with the expectation that An Ju Home would use those funds to pay its employees. (Liou Aff., ¶ 9). On or about April 29, 2019, Paul Liou did hire some workers who had previously worked for An Ju Home (Liou Aff., ¶ 13). This was only after An Ju Home refused to return to the work sites on or about April 23, 2019, and An Ju Home and its principal abandoned both the work sites and their employees (Liou Aff., ¶ 13). None of the workers listed in the Affidavit of Yongfu Yang, ¶ 35, are Plaintiffs herein and therefore, even if it were true that Paul Liou directly paid those

17

workers, it would not establish any factors from the <u>Carter</u> or <u>Zheng</u> Tests and is irrelevant to determining whether any of Answering Defendants were joint employers of the Plaintiffs.

Assuming the Court overlooks the severe defects of the Moving Affidavits improperly submitted in support of the instant motion for reconsideration without permission from the Court, the new conclusory allegations made in the Moving Affidavits are uncorroborated and fail to establish that Answering Defendants, or even just Paul Liou, were joint employers of Plaintiffs under both the <u>Carter</u> and <u>Zheng</u> Tests.

CONCLUSION

For all of the foregoing reasons, the Motion should in all respects be denied.

Dated: Brooklyn, New York
      August 10, 2020

RODRIGUEZ-MCCLOSKEY PLLC

By: *Yenisey Rodrieguz-McCloskey*
Yenisey Rodriguez-McCloskey, Esq.
300 Cadman Plaza W., Floor 12
Brooklyn, New York 11201
Tel: (347) 689-7625
yenisey@rodriguezmccloskey.com
*Attorneys for Defendants Structure
Enterprise, Inc.,
Trinity Builders, Inc., Paul Liou and
Candice Colucci*