UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOUNGFU YANG, ET AL.,
                            Plaintiffs,

-v-

AN JU HOME, INC., ET AL.,
                            Defendants.

19-CV-5616 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiffs Yongfu Yang, Deliang Fu, Xiaojiang Zuo, Hechao Chen, Aixiang Liu, Kezheng Zuo, Shushan Hang, and Derong Zheng bring this action against Defendants An Ju Home, Inc. ("An Ju Home"), Structure Enterprise, Inc. ("Structure"), Trinity Builders, Inc. ("Trinity"), Hengjian Cui, Paul Liou, Candice Colucci, "John" Liou, and "Jane" Zhuo alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  (*See* Dkt. No. 1 ("Comp.").)  This Court previously granted a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) by Structure, Trinity, Paul Liou, and Candice Colucci (collectively, "the Trinity Defendants").  *Yang v. An Ju Home, Inc.*, 19 Civ. 5616, 2020 WL 3510683 (S.D.N.Y. June 29, 2020).  Plaintiffs have moved for reconsideration of the Court's ruling.  (Dkt. No. 45.)  For the reasons that follow, Plaintiffs' motion is denied.

**I.**    **Background**

      The Court assumes familiarity with the factual background of this case as set forth in its prior opinion.  *See Yang*, 2020 WL 3510683, at *1.

      After the Court granted the Trinity Defendants' motion to dismiss on June 29, 2020, Plaintiffs filed the present motion on July 27, 2020.  (Dkt. Nos. 42, 45.)  In support of their

1

motion for reconsideration, plaintiffs filed a number of affidavits, including of non-party witnesses.  (Dkt. Nos. 46–51, 62–69, 72.)

## II.     Legal Standard

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).  Accordingly, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  The "major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Md.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted).  The Court "has broad discretion in determining whether to grant a motion [for reconsideration]."  *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).

## III.    Discussion

Plaintiffs apparently argue that reconsideration is warranted due to the availability of new evidence and due to intervening law.  (Dkt. No. 52 at 2–3.)  But Plaintiffs cite no new decisions that affected controlling law, and seemingly hang their hat instead on new evidence they attempt to introduce in the form of affidavits.  (Dkt. Nos. 46–51; 62–69, 72.)  But for the purposes of a Rule 12(c) motion, a court may rely only on "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice."  *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009) (per curiam).  Moreover, "parties may not offer

new facts or arguments on a motion for reconsideration," and "[w]hen a party improperly submits an affidavit on a motion for reconsideration, the appropriate remedy is to strike the affidavit and disregard it." *Ralph Oldsmobile Inc. v. Gen. Motors Corp.*, 99 Civ. 4567, 2001 WL 55729, at *2 (S.D.N.Y. Jan. 23, 2001). Hence, in reconsidering this Court's dismissal under Rule 12(c), the affidavits submitted by Plaintiffs may not be considered. Absent these affidavits, Plaintiffs have no basis for reconsidering the Court's prior decision.

Additionally, even if this Court were to consider the affidavits, Plaintiffs do not attempt to explain, until their reply brief, why such information could not have been discovered earlier. (Dkt. No. 71 at 5.) A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "should only be granted where the Court has overlooked factual issues . . . which were presented to it on the underlying motion." *E.J. Brooks Company v. Cambridge Sec. Seals*, 2015 WL 9704079, at *11 (S.D.N.Y. Dec. 23, 2015) (citation omitted). The motion is not an opportunity to "present evidence that could have been raised prior to the entry of judgment." *Id*. (citation omitted). Plaintiffs base their claim on the fact that witnesses came forward only after this Court's earlier ruling. (Dkt. No. 71 at 5.) They do not explain how such witnesses could not have been discovered earlier with reasonable diligence, and such fact is insufficient for reconsideration.

In their reply brief, Plaintiffs ask for leave to amend their Complaint to add additional allegations (Dkt. No. 71 at 1), relief to which they vaguely alluded in their opening brief (Dkt. No. 52 at 4 ("Plaintiffs' only means of being paid is if they are allowed leave to amend the Complaint . . . .")). But Plaintiffs never sought leave to amend in their briefing on the Rule 12(c) motion. Requesting such leave in a reply brief on reconsideration is too late. The Court declines to grant such late-raised relief.

It is regrettable that the apparent lack of diligence on the part of Plaintiffs' counsel may have cost Plaintiffs their claims. But "[m]otions for reconsideration must be narrowly construed" in order to "prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." *Polar Int'l Brokerage Corp. v. Reeve*, 120 F. Supp. 2d 267, 268–69 (S.D.N.Y. 2000). The Court follows such a construction here.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED. Plaintiffs are directed to file a status letter with the Court on or before February 26, 2021, addressing whether and how they propose to pursue the claims against the remaining (including nonappearing) Defendants.

The Clerk is Court is directed to close the motion at Docket Number 45.

SO ORDERED.

Dated: February 2, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge